[Cite as *State v. Bailey*, 2023-Ohio-2919.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 22CA10 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Linessa R. Bailey, | : | |
| Defendant-Appellant. | : | **RELEASED 8/17/2023** |

_____

<u>APPEARANCES</u>:

Autumn D. Adams, Adams Legal, LLC, Toledo, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Andrea M. Kratzenberg, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

_____

Hess, J.

{¶1}    Linessa R. Bailey appeals from a judgment of the Lawrence County Court of Common Pleas convicting her, following a guilty plea, of reckless homicide.  In her sole assignment of error, Bailey contends that she received ineffective assistance of counsel.  However, she failed in her burden to show that counsel's performance was both deficient and prejudicial.  Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}    On January 26, 2022, the Lawrence County grand jury indicted Bailey on two counts:  Count One, complicity to trafficking in marijuana, a fifth-degree felony, and Count Two, complicity to involuntary manslaughter, a first-degree felony.  Bailey initially

pleaded not guilty but then entered a plea of not guilty by reason of insanity. After she was found competent to stand trial, Bailey pleaded guilty to Count Two, which was amended to a charge of reckless homicide, a third-degree felony. Before the change of plea hearing, Bailey answered a series of questions in a "proceeding on plea of guilty" form. One question stated: "Were any promises, threats or inducements made to you to persuade you to plead guilty?" Bailey wrote, "No." During the change of plea hearing, Bailey and defense counsel told the court they believed her answers on the form were true and correct. However, also during the hearing, after moving to amend Count Two, the assistant prosecutor stated:

> STATE: * * * We anticipate a change of plea to guilty to that amended charge, Judge. If she does that, we'll ask you to dismiss Count 1. And the agreed upon sentence recommendation for the Court to consider is three years in the approp… two years in the appropriate penal institution, excuse me. Uh, test…

> * * *

> STATE: …testify truthfully at trial for [Aaron] Scott, and uh, the State will not resist a judicial release at one year pending a clean institutional report and the Court's discretion.

The trial court granted the motion to amend, Bailey pleaded guilty to Count Two as amended, and the trial court accepted the plea.

{¶3} A few weeks later, the trial court conducted a sentencing hearing. The attorneys who represented the state at this hearing did not represent the state at the change of plea hearing. After the victim's sister addressed the court, the parties made the following statements:

> STATE: Your Honor, this is a negotiated plea and sentence. Our recommendation is three years in the appropriate penal institution. She… the Defendant pled guilty to an amended indictment * * *. Uh, the State has

> agreed that we will not oppose a judicial release after one year, in exchange for her testimony in the *Aaron Scott* trial, which she did fulfill.

* * *

> DEFENSE: Your Honor, we find ourselves in a predicament at this point. I won't go through the facts, the Court's heard them. The Court heard the trial of Aaron Scott, and the Court knows fully went [sic] on at the --at the scene that day. Uhm, what I will ask the Court to do… and [the prosecutor] is right, that was a negotiated plea. Uh, that is --is the agreement, but I just want the Court to consider all of the factors. All the other… the co-defendant in this case, and just to make a decision and the sentence and equitable [sic] in this case."

The court asked Bailey whether she wanted to say anything before the court imposed sentence, and she apologized to the victim's family.

{¶4} The court announced that after considering the statements of counsel, the defendant, and the victim's sister, weighing "the purposes and principles of sentencing" in R.C. 2929.11 and "seriousness and recidivism factors" in R.C. 2929.12, and "following the guidance of" R.C. 2929.13, the court was adopting "the recommended sentence" and sentencing Bailey to 36 months in prison—the maximum term allowed. R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months"). The court explained Bailey's right to appeal and asked her to consult with defense counsel about whether she wanted to exercise that right. Then, the following occurred:

> DEFENSE: (*Consults with client*) (*Defense speaks to State*) That's right, you did do that. You said you'd drop it to two years, out in one.

> STATE: Let me see what I have. That's not what my notes say.

> DEFENSE: Well, we talked about it out in the hallway. (Pause) And I was trying to get you to come down to Community Control.

STATE:  I mean, I didn't have that in here * * *.

COURT:  (*Speaking to Court Reporter*) Do you have anything in your notes from the sentencing hearing as the what the State [sic]…

COURT REPORTER:  (Unintelligible) started before I got here.

COURT:  Oh, that's fine.  I just wondered if… I just wondered if anything was announced that you may written down because I don't anything [sic] on my case information sheet.

DEFENSE:  I remember the conversation now that Ms. Bailey reminded me of it.

STATE:  Was that June 1st?  Or June 6th?  Because my notes reflect that that was the deal.

COURT:  Well, here's… I may be able to help you all out in this a little bit because if it was twenty-four months instead of thirty-six month [sic], with not a… no opposition to J.R. after twelve months, are you going to join in that recommendation?  Are you still going to ask the Court to sentence…

DEFENSE:  Well, I know the answer to that now.

COURT:  Well, I'm just asking.  Does that make… because that will make a difference in the grand scheme of things.

DEFENSE:  Yes, Your Honor.  We would join in that recommendation, if that's what we made, and I do recall us having that conversation uh, out in the hallway.  And I did…

COURT:  Because right now, there is… I mean… because if you noticed, when I sentenced on that I said in accordance with the State's recommendation because I didn't have a joinder on that recommendation from you.  So it's not truly a jointly recommended sentence that has been imposed by the Court at this time.

DEFENSE:  Right.

COURT:  So…

STATE:  Because he wasn't going to abide by whatever the recommendation was from me, so I think it's kind of… and my notes don't indicate that.  The only note I have is "[defense counsel] believes that he will continue to negotiate and try to get a better deal than current offer," is what my notes say.

{¶5}   The court then stated:  "All right.  Well, my sentence has been set forth on this case.  I did not note in the record that it was jointly recommended because it was not."  The court made comments about judicial release, and defense counsel asked for a moment to consult with Bailey.  After doing so, defense counsel stated:  "Since I can't get an answer, I would suggest that appoint [sic] Ms. Bailey an attorney for appeal."  The court stated that it would note Bailey wished to appeal. Defense counsel then stated, "Well, now she's telling me she doesn't.  So, I don't know..."  The court said, "Okay," and defense counsel said, "I don't know."  The court said, "Well, safer better…"  Bailey said, "I'll take the three years, and out in one.  I'll take the deal."  The court said:  "Okay, safer better than sorry.  For right now, and purposes of the record, I am going to note that you wish to appeal it.  You can always change your mind."

{¶6}   Subsequently, the trial court issued a judgment entry sentencing Bailey to 36 months in prison on Count Two as amended.  The court noted that the state would "consider a judicial release once the defendant has completed twelve (12) months of incarceration" but that "judicial release is at the sole discretion of the Court." The court also stated that it granted the state's motion to nolle Count One.

## II.  ASSIGNMENT OF ERROR

{¶7}   Bailey presents one assignment of error:

> Bailey suffered ineffective assistance of counsel when her defense counsel jointly recommended a sentencing that was the maximum sentence that could be imposed even though Bailey agreed to a guilty plea in exchange for a two-year prison sentence and testifying against her co-defendant.[1]

---

[1] We have taken the assignment of error from page two of Bailey's appellate brief.  However, we observe that on page ii, Bailey states that her "Assignment of Error and Argument in Favor of Reversal" is:  "The State failed to fulfill [its] promise to recommend a 2-year prison sentence and Appellant suffered ineffective assistance of counsel when the State reneged on [its] plea sentencing recommendation and trial counsel joined in that modified sentencing recommendation."

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

### A.  Positions of the Parties

{¶8}    In her sole assignment of error, Bailey contends she received ineffective assistance of counsel when defense counsel "jointly recommended" the maximum sentence even though she had agreed to plead guilty "in exchange for a two-year prison sentence and testifying against her co-defendant."  In her argument, Bailey asserts that she entered into the plea agreement in good faith and fulfilled her duties under it.  She asserts that the state acted in bad faith by reneging on its promise to recommend a two-year sentence, "[e]ven if it was inadvertent bad faith due to poor record keeping."  Bailey suggests that pursuant to *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.E.2d 427 (1971), the breach entitled her to either specific performance of the plea agreement and sentencing by a different judge or an opportunity to withdraw her plea. Bailey maintains that "the State should have been held to [its] duties and [defense counsel's] refusal to hold the State to [its] duties and to actually join in the recommendation for her to receive the maximum sentence is a clear violation of reasonable representation." Bailey asserts that defense counsel "could have asked for a recess to review the transcript from the plea hearing" or taken her "into the hallway to address this new recommendation once the State refused to budge from [its] 3-year recommendation."  She claims defense counsel "failed to adequately represent her when he not only agreed to recommend a maximum sentence but also failed to explain to Bailey the ramifications of this new sentencing recommendation and her options based upon the State backing out of [its] promise."  Bailey asserts that "[o]ne factor the trial judge takes into consideration when

fashioning a sentence is the recommendation for the sentence" and that her sentence "could have been 12-months shorter had the State fulfilled [its] promises."

**{¶9}** The state contends defense counsel was not ineffective because counsel did not join the state's sentencing recommendation. The state asserts defense counsel "only joined the recommendation by the State if it was the offer that was made," and the trial court "clearly stated" that the sentence it imposed "was not a joint recommended sentence." The state also asserts Bailey cannot show prejudice because Bailey herself "took the offer recommended by the State at her sentencing hearing" when she stated, "I'll take the three years, and out in one. I'll take the deal."

### B. Standard of Review

**{¶10}** To prevail on an ineffective assistance claim, a defendant must show: "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either part of the test is fatal to the claim. *See Strickland* at 697. The defendant "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered

sound trial strategy.' " *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.E. 83 (1955).

### C. Analysis

**{¶11}** The assignment of error is based on an incorrect factual premise. The assignment of error identifies counsel's deficient performance as jointly recommending a maximum sentence. However, defense counsel did not join the state's recommendation for a three-year sentence. After the state made its recommendation, defense counsel did not recommend a specific sentence. Instead, defense counsel asked the court to make an equitable decision.

**{¶12}** The page of the sentencing transcript which Bailey cites for the position that defense counsel jointly recommended a three-year sentence includes the following exchange which occurred after the court had orally pronounced sentence:

> COURT: Well, here's… I may be able to help you all out in this a little bit because if it was twenty-four months instead of thirty-six month [sic], with not a… no opposition to J.R. after twelve months, are you going to join in that recommendation? Are you still going to ask the Court to sentence…
>
> DEFENSE: Well, I know the answer to that now.
>
> COURT: Well, I'm just asking. Does that make… because that will make a difference in the grand scheme of things.
>
> DEFENSE: Yes, Your Honor. We would join in that recommendation, if that's what we made, and I do recall us having that conversation uh, out in the hallway. And I did…

Although this exchange is confusing, we do not interpret defense counsel's statement that "[w]e would join in that recommendation, if that's what we made" to mean that counsel joined the state's three-year sentence recommendation. It appears that defense counsel was expressing a willingness to join a recommendation of 24 months, or 2 years, if the

parties had previously agreed to make that recommendation.  After defense counsel made this statement, the trial court emphasized the fact that the 36-month sentence it had imposed was not a jointly recommended sentence because the court did not "have a joinder" on the state's recommendation from defense counsel.  Because defense counsel did not join the state's recommendation for a three-year sentence, Bailey cannot show that defense counsel was deficient because counsel "jointly recommended a sentencing that was the maximum sentence that could be imposed" as stated in the assignment of error. Therefore, we conclude the assignment of error lacks merit.

{¶13} We observe that in her appellate brief, Bailey identifies purported deficiencies of defense counsel which go beyond the scope of the assignment of error. She argues that defense counsel refused "to hold the State to [its] duties," failed to request "a recess to review the transcript from the plea hearing," failed to take her "into the hallway" to discuss the state's new sentencing recommendation, and failed to explain to her the ramifications of the new recommendation and the options she had.  However, "we are charged with deciding assignments of error, not mere arguments."  *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d 10, ¶ 135 (4th Dist.).  *See* App.R. 16(A)(3) (an appellant's brief "shall include * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"); App.R. 12(A)(1)(b) (an appellate court "shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App. R. 16 * * * ").

{¶14} For the foregoing reasons, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**